# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM HERSCHEL CALHOUN III, <br><br> Plaintiff, <br><br> v. <br><br> SGT. OLSEN, <br><br> Defendant. | **MEMORANDUM DECISION & ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> Case No. 2:12-CV-468 DN <br><br> District Judge David Nuffer |

This matter is before the Court on Defendant's Motion for Summary Judgment. (*See* [Docket Entry # 69](#).) For the reasons discussed below, the Court denies the motion.

## FACTUAL BACKGROUND

Plaintiff is an inmate at Utah State Prison. Defendant is a housing sergeant employed by Utah Department of Corrections. Plaintiff was moved into a cell with inmate JB on March 21, 2013. Plaintiff accused JB of raping him twice over subsequent days. After reporting the rapes, Plaintiff was moved to a holding infirmary until he could be transported to University Medical Center to have a rape kit done. An immediate investigation by UDOC, regarding which a report was filed on April 4, 2013 and during which the rape charge was determined to be unsupported, resulted in the rape-kit appointment being canceled. Nonetheless, Plaintiff and JB were placed in separate housing, with Plaintiff being moved to a single cell. Plaintiff now alleges that he sent a sample of JB's semen in a plastic bag to the court as proof of the rape, but this bag has never been received by the Court and cannot be considered.

Plaintiff states that he told Defendant that JB was a safety risk to him before they were moved in together. Defendant states that Plaintiff never told him JB was a safety risk before they were made cellmates.

## PROCEDURAL HISTORY

Plaintiff's Amended Complaint, ([Docket Entry # 34](#)), alleges Defendant's violation of the Eighth Amendment to the United States Constitution. Responding to the Amended Complaint, as ordered by the Court, ([Docket Entry # 36](#)), Defendants filed a *Martinez* report, ([Docket Entry # 65](#)), and a Motion for Summary Judgment, ([Docket Entry # 69](#)). Plaintiff responded to the motion through counsel.

## SUMMARY-JUDGMENT STANDARD

"'[I]f the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law'" summary judgment is appropriate. *[Thomson v. Salt Lake County](#)*, [584 F.3d 1304, 1312 (10th Cir. 2009)](#) (quoting Fed. R. Civ. P. 56). The moving party has the original burden to show an absence of evidence supporting a crucial element of the opposing party's case. *[Johnson v. City of Bountiful](#)*, [996 F. Supp. 1100, 1102 (D. Utah 1998)](#); *see also* *[Allen v. Muskogee](#)*, [119 F.3d 837, 840 (10th Cir. 1997)](#) ("The moving party need not affirmatively negate the nonmovant's claim in order to obtain summary judgment. Instead, the movant only bears the initial burden of showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." (Internal quotation marks & citations omitted.)). The Court must consider the factual record and the inferences

derived from those facts in the light most favorable to the nonmoving party. *Johnson*, 996 F. Supp. at 1102.

If the movant carries its initial burden, the nonmovant cannot rest upon his pleadings, but must "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (quoting Fed R. Civ. P. 56(e)). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Salehpoor v. Shahinpoor*, 358 F.3d 782, 786 (10th Cir. 2004) (citation omitted).

## DISCUSSION

To succeed on a "failure to protect" theory for his Eighth Amendment claim relating to the alleged rape by JB, Plaintiff would have to show that Defendant (i) actually knew about an "excessive risk" to his health or safety, *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000), and (ii) was deliberately indifferent to--i.e., consciously disregarded--that risk, *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001).

The parties' declarations are at odds as to whether Defendant was unaware, before the alleged rape, of any risk posed by JB to Plaintiff's health or safety and whether there was an "excessive risk." Indeed, Defendant does not recall Plaintiff ever telling him that Plaintiff had received threats or wished to be placed in protective custody. Meanwhile, Plaintiff asserts in his declaration that he had brought to Defendant's attention his safety concerns

There is a significant dispute as to the material facts which bear on Defendant's possible "deliberate indifference" to a known "excessive risk" to Plaintiff's health which is necessary to

3

prove liability as to the alleged rape. And many of Defendant's arguments for summary judgment involve placing Plaintiff's credibility in question which indicates a fact finder must hear the evidence. Summary judgment is therefore denied.

## CONCLUSION

IT IS ORDERED that:

(1) Defendant's Motion for Summary Judgment is DENIED.. ([Docket Entry # 69](Docket Entry # 69).)

(2) Within fourteen days the parties shall, after conferring, file an Attorneys' Planning Meeting Report and submit a Proposed Scheduling Order to ipt@utd.uscourts.gov.

DATED July 31, 2014.

BY THE COURT:

JUDGE DAVID NUFFER
United States District Court