UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM HERSCHEL CALHOUN III,<br><br>        Plaintiff,<br><br> v.<br><br>SGT. OLSEN,<br><br>        Defendant. | MEMORANDUM DECISION<br>& ORDER DENYING<br>DEFENDANT'S MOTION<br>FOR RECONSIDERATION OF DENIAL<br>OF SUMMARY JUDGMENT<br><br>Case No. 2:12-CV-468 DN<br><br>District Judge David Nuffer |

      Defendant's Rule 59(e) and/or 60 Motion to Reconsider Order Denying Defendant's Motion for Summary Judgment[1] is denied in this order.

      Defendant submits two pieces of "new evidence" to support his argument that the Court should reconsider its Order denying Defendant's summary-judgment motion. The "new evidence" consists of a January 20, 2014 investigative report prepared by Utah Department of Corrections (UDOC), which was forwarded to the Salt Lake County District Attorney's Office for screening of rape charges against the alleged perpetrator here ("JB," Plaintiff's cellmate); and a May 23, 2014, letter from Salt Lake County Deputy District Attorney (DA), Nathan Evershed, about his decision, made after reviewing the investigative report and other evidence, not to prosecute JB for the alleged rape.

      First, these pieces of "new evidence" were created several months before the Court made its decision to deny summary judgment. No reason is presented that Defendant could not have made them available as supplements to his *Martinez* report before the Court ruled.

      Second, these items of evidence do not help determine what Plaintiff said to Defendant about his safety concerns regarding JB before the alleged rape happened. Further, they do not

---

[1] Docket no. 95.

help more conclusively determine whether the alleged rape happened. The report made by UDOC's investigative arm regarding what really happened must be viewed with some caution because UDOC, as Defendant's employer, potentially has ultimate liability in this case. Also, the DA's decision on whether to prosecute JB on these allegations was apparently largely based on UDOC's report and must be viewed with an eye to the "beyond-a-reasonable-doubt" standard, under which the DA was operating. That is not the same as the lesser standard of proof at work in this civil case. Therefore the determination not to file criminal charges against JB is not conclusive or decisively persuasive.

Finally, while Plaintiff's credibility may very well be thin, Defendant's credibility is at issue too. A state employee's word cannot automatically be given more worth than a prisoner's word—especially on summary judgment.

## CONCLUSION

IT IS ORDERED that:

(1) Defendant's motion for the Court to reconsider its order denying summary judgment is DENIED.  (Docket Entry # 95.)

(2) Within fourteen days, the parties shall, after conferring, file an Attorney's Planning Meeting Report and submit a Proposed Scheduling Order to ipt@utd.uscourts.gov.

DATED March 16, 2015.

BY THE COURT:

_____
CHIEF JUDGE DAVID NUFFER
United States District Court