MEB W. ANDERSON (10227)
KYLE J. KAISER (13924)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
PO BOX 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
E-mail: mebanderson@utah.gov
　　　　kkaiser@utah.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| WILLIAM HERSCHEL CALHOUN III, <br><br> Plaintiff, <br><br> v. <br><br> SGT. OLSEN, <br><br> Defendant. | **MOTION IN LIMINE REGARDING ADMISSIBILITY OF EVIDENCE OF PLAINTIFF'S MOTIVE TO MAKE FALSE ALLEGATIONS OF SEXUAL ASSAULT UNDER FEDERAL RULE OF EVIDENCE 404(B)** <br><br> Case No. 2:12-cv-468 <br><br> Judge David Nuffer |

Sgt. Darren Olson, by and through counsel, Meb W. Anderson and Kyle J. Kaiser,

Assistant Utah Attorneys General, hereby submits this Motion in Limine Regarding

Admissibility of Evidence of Plaintiff's Motive to Make False Allegations of Sexual Assault[1]

---

[1] The specific facts of Plaintiff Calhoun's other accusations of sexual assault while in prison were detailed in Defendants' Motion in Limine Regarding Admissibility of Evidence of Plaintiff's Pattern of Allegations of Sexual Assault Under Federal Rule of Evidence 412 (doc. 118) and the Supplementary Memorandum (doc. 144) filed thereto. Defendants incorporate these facts in their totality into this Memorandum and seek the Court's ruling that all such evidence may be admitted.

Under Federal Rule of Evidence 404(b), and respectfully request the Court allow Defendant Olson to offer evidence at trial regarding Inmate Calhoun's motive and plan to make false accusations of sexual assault for personal gain.

## ARGUMENT

The current litigation is part of an ongoing scheme by Inmate Calhoun to use false allegations of sexual assault to manipulate prison officials and secure early release from prison. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). But such evidence "may be admissible for another purpose, such as proving motive, opportunity, mistake or lack of accident." Fed. R. Evid. 404(b)(2). Defendant Olson intends to use evidence of Inmate Calhoun's prior false allegations of sexual assault to show Inmate Calhoun's current claims are part of an ongoing plan or scheme, or as a motivation to lie.[2]

---

[2] Defendant Olson has, in the past, referred to this evidence as evidence of Plaintiff's "modus operandi" (*See, e.g.*, doc. 118.) Modus operandi is usually used and admissible in reference to the identity of a criminal defendant—"a pattern of criminal behavior so distinctive that investigators attribute it to the work of the same person…." "Modus operandi," *Black's Law Dictionary* 1020 (deluxe 7th ed. 1999); *see Chavez v. City of Albuquerque*, 402 F.3d 1039, 1046 (10th Cir. 2005) ("[P]roof of a 'modus operandi' is only relevant when there is an issue regarding the defendant's identity."). Defendant Calhoun's previous use of the term is not meant to invoke such a limited definition, but rather that Plaintiff Calhoun has engaged in an ongoing scheme or plan to allege sexual assault to gain new housing, release from prison, or money. *See Bottomly v. Leucadia Nat'l*, 163 F.R.D. 617, 621 n.3 (D. Utah 1995) (Boyce, Mag. J.) (allowing discovery on a plaintiff's prior sexual harassment claims to show a "modus operandi" of making false claims).

### Evidence of Calhoun's Other Accusations of Sexual Assault Satisfy the Tenth Circuit's Four-Part Test Under Federal Rule Of Evidence 404(b).

In the Tenth Circuit, "The standard for satisfying Rule 404(b) admissibility is permissive: [I]f the other act evidence is relevant and tends to prove a material fact other than the defendant's criminal disposition, it is offered for a proper purpose under Rule 404(b) and may be excluded only under Rule 403." *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009). Thus, evidence of other acts are admissible if it satisfies a four-part test: (1) it must be introduced only for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403; and (4) the district court must, on request, instruct the jury to consider the evidence only for the purpose for which it was admitted.[3] *United States v. Esquivel-Rios*, 725 F.3d 1231, 1240 (10th Cir. 2013). The evidence Defendant Olson seeks to offer satisfies this test.[4]

---

[3] Defendant Olson does not object to such an instruction, and will draft one if required.

[4] Other circuit courts, and district courts in and out of the Tenth Circuit, have concluded that the standards for admission of evidence to show conduct in conformity with prior conduct relax even further when the defendant attempts to offer rule 404(b) evidence. *Rivera v. Rivera*, 262 F. Supp. 2d 1217, 1225–26 (D. Kan. 2003); *Montoya v. Village of Cuba*, No. CIV 11-0814 JB/SMV, 2013 WL 6503702, *7 (D.N.M Nov. 30, 2013) (op. not selected for publication); *see also United States v. Aboumoussallem*, 726 F.2d 906, 911-12 (2d Cir. 1984) ("[T]he standard of admissibility when a [defendant] offers similar acts evidence as a shield need not be as restrictive as when the prosecutor uses such evidence as a sword."); *United States v. Krezdorn*, 639 F.2d 1327, 1332-33 (5th Cir. 1981) ("When, however, the extrinsic offense was not committed by the defendant, the evidence will not tend to show that the defendant has a criminal disposition and that he can be expected to act in conformity therewith.").

While the Tenth Circuit has not expressly addressed whether the so-called "reverse 404(b)" lowered admissibility standard applies to situations where the defendant seeks to introduce evidence of the plaintiff's prior bad acts, the court has cited favorably to a Third Circuit case, *United States v. Stevens*, 935 F.2d 1380, 1404 (3d Cir. 1991), for the proposition that where the evidence is probative there may be a lower standard if prejudice to the defendant is not a factor. *Montelongo*, 420 F.3d at 1174-75.

In this case "the civil defendant, like the criminal defendant, stands in a position of great peril. A verdict against the defendant[] in this case would be tantamount to finding that [he

3

1. **Evidence of Inmate Calhoun's prior false allegations of sexual assault will be offered to show Inmate Calhoun's ongoing scheme to manipulate prison officials for personal gain and motivation to lie.**

Evidence is admitted for a proper purpose if allowed for one or more of the list of "illustrative rather than exhaustive" purposes in Rule 404(b). *Bradbury v. Phillips Pet. Co.*, 815 F.2d 1356, 1364 (10th Cir. 1987); *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006). While introducing previous complaints or lawsuits of a civil plaintiff is improper simply to show that the plaintiff is litigious, *e.g.*, *Outley v. City of New York.,* 837 F.2d 587, 592 (2d Cir. 1988), showing a plaintiff's plan or scheme through admission of prior false allegation can undoubtedly be a proper purpose under Rule 404(b). *E.g.*, *United States v. Shaw*, 562 F. App'x 593, 598 (10th Cir. March 19, 2014) (ord. & j. not selected for publication) (affirming, in a criminal case, the trial court's decision to admit evidence of inmates' previous sexual assaults as proof of a common plan "to punish new inmates when they refused to pay for protection"). So can the purpose of attacking the credibility of a witness by other means than general character for truthfulness.  *See United States v. Bell*, 624 F.3d 803, 810 (7th Cir. 2010).[5]

---

allowed Calhoun to be raped, knowing such conduct was substantially likely to occur]. The resulting stigma warrants giving [him] the same opportunity to present a defense that a criminal defendant could present." *Perrin v. Anderson*, 784 F.2d 1040, 1044–45 (10th Cir. 1986) (allowing § 1983 excessive force defendant to introduce 404(a) character evidence) (citations and quotations omitted).  Thus, assuming that the Court applies the four-part test, it should be applied to allow the liberal introduction of evidence to support Defendant Olson's assertions.
[5] *See also e.g., Van Deelen v. Johnson*, No. 05-4039-SAC, 2008 WL 4683022, at *3 (D. Kan. Oct. 22, 2008) (mem. & ord. not selected for publication) (admitting pleadings filed in civil plaintiff's previous civil lawsuits because the exhibits show that "plaintiff had a motive, plan or scheme to bring similar kinds of claims against those who crossed him"); *cf. Outley*, 837 F.2d at 594 (recognizing that when a plaintiff "has filed a series of fraudulent lawsuits and there is substantial evidence that prior lawsuits amounted to a fraudulent pattern," the past lawsuits may be admissible under 404(b).  *But cf. Tanberg v. Sholtis*, 401 F.3d 1151, 1168 (10th Cir. 2005) (affirming the refusal to admit evidence, in a § 1983 false arrest and excessive force case, of allegations that the police officer-defendant had on three previous occasions arrested individuals

Where uncharged acts show motive or plan, they are admissible whether the acts involved previous conduct or conduct subsequent. *Mares*, 441 F.3d. at 1157. However, the other acts need not be identical to the conduct at issue, only be similar. *Shaw*, 562 F. App'x at 598 (citing *United States v. Guiterrez*, 696 F.2d 753, 755 (10th Cir. 1982)). The evidence must show that the acts bore "particular resemblance" to one another. *Id*. at 599.

The Tenth Circuit has identified a non-exclusive list of factors to determine similarity: (1) whether the acts occurred closely in time, (2) geographical proximity, (3) whether the conduct and other acts share similar characteristics, and (4) whether the conduct and other acts are part of a common scheme. *Mares*, 441 F.3d. at 1158.

Evidence of Inmate Calhoun's prior false allegations are properly admissible.  The evidence previously proffered shows a scheme and plan to repeatedly file false allegations of sexual assault by Calhoun's cellmates, or other prison staff, in an attempt to get better treatment, early release, or money.

Calhoun began his scheme shortly after entering the Utah State Prison and has continued the scheme since filing the current litigation. Many of the other accusations occurred within just a few months of the alleged assault at issue, including the Daniel Jones, A.P., and M.B. allegations. All of the accusations occurred at the Utah State Prison. And all of Inmate Calhoun's false allegations share a distinct characteristic—using the procedure for alleging sexual assaults for personal gain. Defendant Olson will offer evidence that Inmate Calhoun used allegations of sexual assault to manipulate his housing assignments, seek substantial monetary compensation, and secure an early release from prison. The intended target of all Inmate Calhoun's allegations

---

without probable cause or used excessive force, because the proffered use—absence of mistake or intent—was not relevant to the objective reasonableness of arrest and force)

5

of sexual assault was to manipulate prison officials rather than to bring charges against the offenders. "[T]he similarities are a striking as the differences." *Bradbury*, 815 F.2d at 1365.

Evidence of the intended target can be shown by, among other things already described in Defendant Olson's previous motions:

- A statement this year by Calhoun that he was sorry he falsely accused A.J. of sexual assault.
- Confession by C.B. that Inmate Calhoun intended to gather DNA evidence and accuse Daniel Jones in order to secure early release from prison.
- Calhoun's grievances, showing that he sought early release as reparations for alleged sexual assaults;
- Testimony from investigators that Calhoun made allegations of sexual assault when he simply wanted to be moved in his housing;
- Statements by Inmate Calhoun that he did not intend to bring claims of sexual assault against M.T. until the prison officials "forced his hand" by moving him out of his preferred housing assignment;
- In total, Calhoun has alleged that he has been sexually assaulted in prison seven times, none of which have been found to be substantiated.

Courts have often allowed evidence about an inmates' prior claims and other acts admissible when the inmate sues prison officials for constitutional violations. In *Carter v. Hewitt*, an inmate brought a § 1983 lawsuit alleging that he had been beaten by his jailors. 617 F. 2d 961(3d Cir. 1980). The inmate-plaintiff had written a letter to another inmate, giving the recipient instructions about how to file a brutality complaint and specifically what to say to create factual issues about the claim. *Id.* at 965. The letter said that it was a "set up [to] compile complaints to be used for [b.s.] courts" to "establish a pattern of barbaric brutal harrassment [sic]...." *Id.* In the inmate's civil trial for his brutality complaint, the trial court admitted the letter, and the Third Circuit affirmed.

The court called the letter "direct evidence of the existence of a plan" to trump up complaints and "turn it on these chumps [read: the prison officials]." *Id.* at 967–68. Because the

letter was "direct evidence" of the plan, the court reasoned, Rule 404(b) was not implicated, and the letter was admissible because it was relevant and not unfairly prejudicial. *Id.* The court noted, however, even if Rule 404(b) were implicated, and even if the letter were part of a series of inferential acts which prove the existence of a plan, the letter would still be admissible. *Id.* at 967–68. Because the letter had "some tendency to make [the inmate]'s assertion that he was beaten less likely to be true than it would be without the evidence," it was properly admitted.

In *Smith v. Cochran*, an inmate alleged she was repeatedly sexually assaulted by one of her supervisors while on work release; the supervisor denied the allegations and claimed she was "a con artist trying to shake him down for money." 182 F. App'x 854, 858 (10th Cir. June 28, 2006) (ord. & j. not selected for publication). The Tenth Circuit determined it was not plain error for the district court to allow the defendant to testify that the plaintiff-inmate had said to another supervisor that "you can take some checks from the bottom of [elderly peoples'] checkbook[s] and they won't know it's missing for a while," because such evidence was admissible under 404(b) to show that the plaintiff "believed she had the present ability to con people," in accord with the defendant's theory of the case. *Id.* at 859–60; *see also Montoya v. Village of Cuba*, No. Civ 11-0814 JB/SMV, 2013 WL 6504291, at *18 (D.N.M. Nov. 30, 2013) (mem. op. & am. Ord. not selected for publication) (permitting evidence of a plaintiff's medical condition and encounters with the police as evidence of her bias motive for bringing the lawsuit against the city and its police officers).

In the alternative, Defendant Olson should be allowed to offer evidence of Calhoun's previous allegations to demonstrate the prison's consistent policy and procedures of investigation and follow-up when sexual assaults are reported, or if Calhoun claims specific injury or

7

emotional distress damages related to this particular assault. *Cf. Crawford v. Sandy City Corp.*, No. 2:11-cv-351 TS, 2012 WL 3929837, at *2 (D. Utah Sept. 7, 2012) (mem. decision & ord. not selected for publication) (holding that officer's prior uses of force was admissible against the city to show whether the city had a custom or policy of deliberate indifference to the use of excessive force). Further, the evidence will likely be admissible on the issue of damages, depending on how Plaintiff Calhoun describes the harms he alleges as a result of the J.B. sexual assault. *E.g.*, *Udemba v. Nicoli*, 237 F.3d 8, 14–15 (5th Cir. 2001) (finding no abuse of discretion in allowing evidence of a § 1983 plaintiff's subsequent arrest for domestic violence as relevant to claimed emotional distress related to alleged unlawful arrest).

Defendant Olson has demonstrated proper purposes for the evidence—proof of a plan, Calhoun's motivation to lie, and damages. He easily meets the first element of the test.

2. **Evidence of Inmate Calhoun's prior false allegations of sexual assault are relevant because the evidence has a tendency to make it more likely that the current claims are part of an ongoing scheme to manipulate the prison's sexual assault reporting procedure for personal gain.**

Evidence is relevant if it tends to prove or disprove one of the necessary elements of the claim. *Mares*, 441 F.3d. at 1156-57. In this case, Plaintiff Calhoun must prove that Calhoun was incarcerated under conditions posing a substantial risk of serious harm, and that Olson was deliberately indifferent to Calhoun's safety. *Farmer v. Brennan*, 511 U.S. 825 (1994). The credibility of Calhoun's story is extremely important to proving whether there was actually a serious risk of harm—whether he was actually sexually assaulted. Further, Calhoun's motivation to lie is at the core of the element. The evidence of Calhoun's plan is thus highly relevant to

determining whether the sexual assault actually happened, or whether Calhoun has a motive to lie. *Carter*, 617 F.2d at 966; *Smith*, 182 F. App'x at 860; *Bottomly,* 163 F.R.D. at 622 n.3.[6]

Inmate Calhoun claims that Defendant Olson acted with deliberate indifference to the security threat to Inmate Calhoun of being raped by his cellmate. As recompense for this constitutional violation, Inmate Calhoun is seeking outrageous monetary compensation and immediate release from prison. The claims and remedies in the current litigation are remarkably similar to claims and remedies in his other allegations—changed housing assignments, monetary compensation, and immediate release from prison. Evidence of Calhoun's prior false allegations is therefore relevant to show that the current litigation is part of an ongoing scheme by Calhoun to manipulate prison officials. On prior and subsequent occasions, the target of Calhoun's claims has not been the alleged rapist, but instead, like the current matter, prison officials. The common characteristic in all of Calhoun's allegations of sexual assault has been to manipulate prison officials. The current litigation is part of the ongoing scheme of manipulation.

---

[6] In criminal cases, courts regularly determine that a victim's prior accusations of sexual assault are relevant to determine whether the assault actually happened. *E.g.*, *State v. Tarrats*, 2005 UT 50, ¶ 26, 122 P.3d 581, 586 (holding that once a criminal defendant makes a threshold showing that a previous accusation of rape is false by a preponderance of the evidence, it is admissible against the victim); *see also, e.g., People v. Owens*, 183 P.3d 568, 574 (Colo. App. 2007); *Fehringer v. State*, 976 So. 2d 1218, 1221–22 (Fla. Dist. Ct. App. 4th Dist. 2008); *State v. Ross*, 592 A.2d 291 (N.J. Super. App. Div. 1991). *But see, e.g.*, *United States v. Weir*, No. 93-8130, 28 F.3d 114, 1994 WL 245230 (10th Cir. June 4, 1994) (table op. not selected for publication) (affirming, against a Confrontation Clause challenge, trial court's decision to exclude evidence of a victim's prior allegations of rape on 412 and 403 grounds).

### 3. Evidence of Inmate Calhoun's ongoing scheme of false allegations of sexual assault is not substantially outweighed by any unfair prejudice to Inmate Calhoun.

This Court has broad discretion under Rule 404(b) to examine whether the probative value of evidence substantially outweighs the danger of unfair prejudice. *United States v. Youts*, 229 F.3d 1312, 1319 (10th Cir. 2000). Evidence is not unfairly prejudicial simply because it is detrimental to a party's case. *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008); *United States v. Magleby*, 241 F.3d 1306, 1315 (10th Cir. 2001). Unfair prejudice refers to relevant evidence that has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily an emotional one. *Stump v. Gates*, 211 F.3d 527, 538 (10th Cir. 2000). The Tenth Circuit has held consistently that the exclusion of relevant evidence under Rule 403 is an extraordinary remedy to be used sparingly. *Wheeler v. John Deere Co.*, 862 F.2d 1404, 1408 (10th Cir. 1998).

The probative value of the evidence of Inmate Calhoun's pattern of false accusations of sexual assault is not substantially outweighed by any unfair prejudice. First, because a substantial portion of this case is he-said/he-said, credibility is important. In cases where the events were only witnessed by the plaintiff and defendant, "[e]vidence which lends to or detracts from any party's credibility is thus of great probative value." *Van Deelen v. Johnson*, No. 05-4039-SAC, 2008 WL 4683022, at *4 (D. Kan. Oct. 22, 2008) (ord. not selected for publication) (admitting plaintiff's allegations in prior lawsuits to show that the plaintiff had a "plan to assert similar claims against those who disagree with him").

Second, the probative value is not highly outweighed by risk of prejudice because the evidence shows that Inmate Calhoun utilized claims of sexual assault as a means of manipulation. Evidence of Inmate Calhoun's ongoing scheme of false accusations is not offered

10

as an attack on Calhoun's character or to embarrass Calhoun by publicly revealing sexual predispositions but "to expose a possible motive to lie." *State v. Drewry*, 2008 ME 76, 946 A.2d 981, 990 (Me. 2008). Because the object of his scheme is to manipulate his housing assignment and to acquire monetary compensation and immediate release from prison, it is reasonable that Inmate Calhoun's accusations of sexual assault "played a part in [his] communications with [prison officials]." *Blackmon v. Buckner*, 932 F. Supp. 1126, 1128-29 (S.D. Ind. 1996) (admitting evidence that inmate sexually teased other inmates as proper 412 evidence in § 1983 failure-to-protect suit). Therefore, evidence of those interactions, or at a bare minimum relevant testimony about them by prison investigators,[7] is necessary to make reasonable attacks on the credibility of or motivation for Inmate Calhoun's allegations.

It is not unreasonable or unfair to offer evidence of Inmate Calhoun's plan in attempting to use sexual assault claims for personal gain. Such evidence should be admissible to show that the assaults alleged in the current litigation are in keeping with his plan.

## CONCLUSION

Based upon the foregoing, Defendant Olson requests that this Court allow him to offer evidence of Inmate Calhoun's ongoing scheme of using false allegations of sexual assault to manipulate prison officials.

---

[7] If the Court believes that all of the evidence articulated herein, and in Defendant Calhoun's prior motions on this issue, are cumulative or overly prejudicial, Defendants request that the Court at least allow testimony of the prior assaults through the investigators who investigated the incidents. *See, e.g.*, *Perrin*, 784 F. 2d at 1046 (affirming trial court decision to allow only four officers to testify that the defendant had, on eight separate occasions, violently encountered police officers); *United States v. Ballou*, 59 F. Supp. 3d 1038, 1062 (D.N.M. 2014) (allowing testimony, but not documentary evidence, about a witness's prior acts offered by the defendant).

11

DATED this 26th day of April, 2016.

        SEAN D. REYES
        Utah Attorney General


        /s/ Kyle J. Kaiser
        MEB W. ANDERSON
        KYLE J. KAISER
        Assistant Utah Attorneys General
        Attorneys for Defendant Sgt. Olson

## CERTIFICATE OF SERVICE

I certify that on April 26, 2016, I electronically filed the foregoing **MOTION IN LIMINE REGARDING ADMISSIBILITY OF EVIDENCE OF PLAINTIFF'S MOTIVE TO MAKE FALSE ALLEGATIONS OF SEXUAL ASSAULT UNDER FEDERAL RULE OF EVIDENCE 404(B)**, using the Court's CM/ECF system and I also certify that a true and correct copy of the foregoing was sent via email to the individuals below for hand delivery to Plaintiff as agreed upon during our status conference:

Jaime Jensen
Caseworker
*jaimejensen@utah.gov*

Heather Jones
Wasatch Office Manager
*hljones@utah.gov*

        /s/ Mandi Bartlett